[Civ. No. 8422. Second Appellate District, Division Two.—December 22, 1932.]

LILLIAN M. BRADFORD et al., Respondents, v. PAUL M. BROCK et al., Appellants.

George L. Greer for Appellants.

Sherman & Sherman for Respondents.

WORKS, P. J.—This is an action for damages. Judgment went for plaintiffs, and defendants appeal. Respondents now move to dismiss the appeal or to affirm the judgment.

The grounds of appeal presented in appellants' brief are, among others, that the evidence was insufficient to justify the verdict rendered, the trial having been by a jury, and that there was proof of contributory negligence requiring a verdict in favor of defendants. The pending motion is based upon section 3, Rule V, of the Rules for the Supreme Court and District Courts of Appeal, which provides for "a dismissal of the appeal or an affirmance of the judgment

on the ground that the appeal was taken for delay only or that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.''

■ Respondents themselves fly in the face of the last few words of this quotation and in effect confess the inapplicability of the rule by the submission, together with the notice of motion, of a brief of 21 closely typewritten pages. In this brief numerous cases are cited and extensive quotations are taken from them. An attempt is made, under appropriate headings, to answer the points, of which there are six, stated in the brief of appellants on the merits.

Upon the question whether the evidence is insufficient to support the verdict it is to be observed that the reporter's transcript on appeal consists of over 180 pages. Respondents, in support of their motion, refer to but a few lines of the testimony in their brief, whereas the brief of appellants on the merits quotes more than fifty per cent, by volume, of the contents of the transcript. While we do not now decide the question, it appears that the case is one of a mere conflict in the evidence.

There was a motion for a new trial in the lower court. One of the grounds urged in support of the motion was that the evidence was insufficient to justify the verdict. The motion was denied.

For all these reasons we think the present motion is without merit. The effort of respondents in presenting the motion amounts to an attempt, whether wilful or not, to procure an advance on the calendar of a possibly meritorious appeal.

Motion denied.

Thompson (Ira F.), J., and Stephens, J., *pro tem.,* concurred.